**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don L. Meeker,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Terry L. Stewart,<br><br>　　　　Respondent. | No. CIV 05-1654-PHX-ROS (GEE)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On June 2, 2005, Don L. Meeker, an inmate currently confined in the Arizona State Prison Complex in Winslow, AZ, filed a pro se Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.); [#1][1]  Before the court are the Petition for Writ of Habeas Corpus, the respondent's Answer and the petitioner's Reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus. The petitioner does not raise a cognizable claim.

//

//

---

[1] Clerk's record number.

Summary of the Case

On June 16, 1983, Meeker was sentenced in Maricopa County Superior Court on nine counts of armed robbery and one count of aggravated assault. (Respondent's Answer, Exhibit 1, affidavit.) For every count, he received a sentence of life with eligibility for parole after 25 years. *Id.* Count 1 ran consecutive to an earlier sentence. *Id.* "Counts 2 through 8 concurrent to Count 1. . . ." *Id.* "Count 9 [was] consecutive to Counts 1 through 8, and Count 10 [was] consecutive to Count 9." *Id.* These were "flat-time" sentences to be served "day-for-day." (Respondent's Answer, Exhibit 6, pp. 7-8.) In other words, Meeker was not eligible for good-time sentencing credits. *Id.*

In 1994, the statute under which Meeker was sentenced[2] was amended replacing the life sentence, which Meeker received, with a minimum term of years. (Respondent's Answer, Exhibit 6, p. 3.) To ameliorate the disparity between sentences imposed before and after the amendment, the legislature enacted the Disproportionality Review Act which allowed the Arizona Board of Executive Clemency (the Board) to review sentences awarded before 1994 and recommend commutation to the governor if appropriate. *Id.*

The Board reviewed Meeker's sentences and recommended they be commuted as follows: Counts 1 through 8 should be commuted from life to 13.75 years; Counts 9 and 10 should be commuted from life to 8 years. (Respondent's Answer, p. 3.) The Board made no recommendation concerning whether the counts should be served concurrently or consecutively. *Id.*

The governor's office purportedly rejected the recommendation. (Respondent's Answer, Exhibit 6, pp. 3-4.) This rejection, however, was procedurally inadequate and the commutation became effective automatically. *Id.*, Exhibit 6, p. 4; *See also McDonald v. Thomas*, 202 Ariz. 35, 46, 40 P.3d 819, 830 (2002).

---

[2] A.R.S. § 13-604.01(A) (Supp. 1982), later renumbered as A.R.S. § 13-604.02 by 1985 Ariz. Sess. Laws, ch. 364, § 5. (Respondent's Answer, Exhibit 6, p. 2.)

1    The Arizona Department of Corrections recalculated Meeker's sentence assuming Counts 1 through 8 were still to be served concurrently, Count 9 was still consecutive to Counts 1 through 8, and Count 10 was still consecutive to Count 9.  (Respondent's Answer, p. 3.)

On May 3, 2002, Meeker filed a Habeas Corpus petition in the trial court arguing Counts 9 and 10 should run concurrently and, by applying good-time credits, he was entitled to immediate release.  (Respondent's Answer, p. 4.)  The trial court denied the petition ruling the commutation changed the *length* of the sentences but not the *manner* in which they were to be served.  *Id.*, p. 5.

Meeker appealed, but the Arizona Court of Appeals affirmed the trial court in a memorandum decision.  (Respondent's Answer, Exhibit 6.)  The court of appeals found the Board made no recommendation as to how the new sentences should be served.  *Id.*, Exhibit 6, pp. 7-8.  Accordingly, the new sentences should be served in the same way as the original ones. *Id.*; *See, e.g., Galaz v. Stewart*,  207 Ariz. 452, 454-55, 88 P.3d 166, 168-69 (2004) (The commutation of the defendant's sentences did not convert "flat time" sentences to "soft time" sentences where the Board made no such recommendation.).

Meeker petitioned the Arizona Supreme Court, but it denied review on May 25, 2004. (Respondent's Answer, p. 6.)

On June 2, 2005, Meeker filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254.  (Petition.)  He asserts the Arizona Court of Appeals erred in its decision upholding the Arizona Department of Correction's sentencing calculation which failed to run all of his sentences concurrently and failed to make him eligible for "good-time" credits. *Id.*

In his answer, the respondent argues this claim was not exhausted and is now procedurally defaulted.  In the alternative, the respondent argues Meeker failed to raise a Constitutional question subject to federal habeas review.

Discussion

The court does not reach the respondent's procedural default argument. The petition may be denied on the merits. *See* 28 U.S.C. § 2254(b)(2); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002). It does not assert a cognizable claim.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. It does not provide a remedy for alleged errors in the interpretation or application of state law. *Id.*

In this case, Meeker argues the state incorrectly calculated his new sentences. This failure, however, is at most an error of state law. The writ of habeas corpus is not available to correct simple errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). To justify relief, Meeker must establish a violation of his federal rights, which he has not done.

A state court's misapplication of its own sentencing laws (assuming there is one here) does not violate due process thereby justifying federal habeas relief unless the petitioner can show "fundamental unfairness." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *See, e.g., Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (Sentencing pursuant to an unconstitutional statute violates due process.); *Murtishaw v. Woodford*, 255 F.3d 926, 969 (9th Cir. 2001), *cert. denied*, 535 U.S. 935 (2002) (Death sentence based on an inapplicable statute violates due process.); *United States v. Rapal*, 146 F.3d 661, 663 (9th Cir. 1998) (Vindictive sentencing violates due process.); *United States v. Hanna*, 49 F.3d 572, 576-77 (9th Cir. 1995) (Sentencing based on materially false or unreliable information violates due process.); *Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (A sentence unauthorized by law is unconstitutional.). In this case, Meeker cannot show his consecutive ,"flat time" sentences are fundamentally unfair. He cannot show, for example, that his sentences are illegal as a matter of law or inapplicable to his particular offenses. *See, e.g., Galaz v. Stewart*, 207 Ariz. 452, 454, 88 P.3d 166, 168 (2004) (The statute under which Meeker was sentenced mandated "flat time"

1 sentences both before and after amendment.).  There is no federal due process violation.  The
2 petition should be denied.

#### RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. [#1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondent.

DATED this 17th day of November, 2006.

_____
Glenda E. Edmonds
United States Magistrate Judge