IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don L. Meeker,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Terry L. Stewart,<br><br>　　　　Respondent. | No. CV 05-1654-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Glenda E. Edmonds' Report and Recommendation (R&R), (Doc. 13), regarding Petitioner Don L. Meeker's Petition for Habeas Corpus. (Doc. 1). Magistrate Judge Edmonds recommended that the Court deny the petition. (Doc. 13). Meeker filed a response objecting to the R&R on January 11, 2007. (Doc. 18). For the reasons stated below, the Court will adopt the R&R.

**FACTUAL BACKGROUND**

The R&R sets forth the factual background in this case and neither party objected to that background. Thus, the Court adopts the background portion of the R&R as an accurate recital of the history of this case.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because objections

were made, the Court reviews the magistrate judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

## ANALYSIS

In his habeas petition, Meeker sought review of a calculation made by the state of his new sentence under the Arizona Disproprortionality Review Act, 1994 Ariz. Sess. Laws ch. 365 § 1, which was upheld by the state court. Magistrate Judge Edmonds' found that Meeker failed to state a federal claim because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (Doc. 13 (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). The Court agrees.

In his objection to the R&R, Meeker concedes that Counts 9 and 10 should not run concurrently, but he maintains that it was a violation of his due process rights to not convert his flat time sentences to soft time sentences. He argues that the Board of Executive Clemency so converted his sentence, but that Diana Harrison, who is a Time Computation Program Specialist for the Central Office, Offender Services/Time Computation Unit at the Arizona Department of Corrections, vindictively and without authority to do so calculated his sentence as flat time. Meeker has provided no evidence, nor is there any evidence in the record, that the Board of Executive Clemency converted his time. Indeed, the the Board of Executive Clemency's recommendation makes no mention of flat or soft time. (Doc. 13, Ex. 6). And, regardless, the state court upheld the flat-time determination as the correct interpretation of the applicable state law.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Edmonds' Report and Recommendation (Doc. 13) to deny Petitioner's Writ of Petition is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

1
2   DATED this 29th day of October, 2007.
3
4
5
6   _____
    Roslyn O. Silver
7   United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -